IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE STAYWELL COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-1726 |
| | : | |
| ROGER H. WANG, M.D. | : | |

Diamond, J.                                                               August 24, 2006

### MEMORANDUM

The StayWell Company, a Delaware corporation headquartered in Pennsylvania, brings this declaratory judgment action against Defendant Roger H. Wang, M.D., a California resident. Dr. Wang has moved to dismiss for lack of personal jurisdiction. The undisputed facts show that Dr. Wang's sole contact with Pennsylvania is a single demand letter his lawyer sent to StayWell's headquarters. I conclude that this is insufficient to effect personal jurisdiction. Accordingly, I grant Wang's Motion to Dismiss.

### BACKGROUND

In March 2000, Dr. Wang entered into a License Agreement with FastMark, a publisher of health information products. *Pl. Opposition to Motion to Dismiss at 4*. The Agreement pertained to FastMark's use of Wang's medical billing computer codes. Id. at 3-4. On July 21, 2003, Dr. Wang sued FastMark in the United States District Court for the Central District of California for copyright and trademark infringement and breach of the License Agreement. Id. at 4. On October 31, 2003, FastMark and Dr. Wang settled the lawsuit. In return for a release, FastMark agreed to pay Wang two installments of "prepaid royalties" for 2004 and 2005: $125,000 by November 15, 2003, and $90,000 by November 15, 2004. *Pl. Opposition to Motion to Dismiss at 2*. The parties agreed that StayWell would pay additional royalties if its use of

Wang's materials in 2004 and 2005 exceeded certain levels.  *Complaint at 5, Exhibit F.*

FastMark paid the $125,000 first installment toWang by November 15, 2003.  *Pl. Opposition to Motion to Dismiss* at 5.  In January 2004, StayWell, a publisher of health information, acquired FastMark.  *Pl. Opposition to Motion to Dismiss* at 4.  In November 2004, StayWell paid to Wang the $90,000 second installment.  Id. at 5.

On March 8, 2006, Wang's California attorney sent a one-page letter to StayWell's headquarters in Yardley, Pennsylvania, with a copy to StayWell's offices in California.  The lawyer asserted that FastMark had breached the License Agreement:

> Our client wishes to attempt to resolve this matter without the need of initiating litigation.  To that end, please remit [$137,032.13] on or before the close of business **Monday, March 20, 2006**.
>
> If we do not hear from you by that time, Dr. Wang will have no choice but to recover the foregoing amount, including any interest thereon at the maximum legal rate and any other applicable legal remedies.

StayWell's Texas counsel responded in a March 27, 2006 letter, stating that "if you opt to file suit," then "StayWell will aggressively pursue all available legal remedies against Dr. Wang, including recovery of attorneys' fees for the filing of a frivolous lawsuit."  *Mot. to Dismiss at 2*.

On April 14, 2006, Wang's California attorney sent a second letter, this time to Plaintiff's Texas office; Wang increased his demand to $265,894.77.  On April 24, 2006, StayWell filed the instant lawsuit seeking a declaration, *inter alia*, that its products do not infringe Wang's copyright.

It is undisputed that Dr. Wang resides in Orange County, California, has never resided in Pennsylvania, has professional offices only in Orange County, and has no property, business interests, or employees in Pennsylvania.  Indeed, the parties agree that the March 8, 2006 demand

letter to StayWell's Yardley office constitutes Wang's sole contact with Pennsylvania. Dr. Wang contends that this contact is insufficient to create personal jurisdiction over him, and asks me to dismiss. In the alternative, he asks me to transfer venue to the Central District of California. 28 U.S.C. §§ 1404 (a); 1406(a).

**LEGAL STANDARD**

In resolving a motion to dismiss for lack of personal jurisdiction, I must look outside the pleadings to determine "'whether *in personam* jurisdiction actually lies.'" Snider v. Howard S. Slatkin, Inc., 105 F. Supp. 2d 428, 430 (E.D. Pa. 2000) (quoting Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 (3d Cir. 1984)). A plaintiff bears the burden of providing evidence sufficient to establish jurisdiction. Mellon Bank (East) PSFS v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). I must, however, "accept the plaintiff's allegations as true" and "construe disputed facts in favor of the plaintiff." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003) (citing Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2001)).

A Federal Court exercises personal jurisdiction to the extent authorized by the long-arm statute of the state in which the Court sits. See Fed. R. Civ. P. 4(e). Pennsylvania's long-arm statute confers jurisdiction over non-residents to the maximum extent allowed under the Constitution. 42 Pa. Cons. Stat. Ann. § 5322.

A plaintiff who asserts "general jurisdiction" must show that the defendants's contacts with a state are "substantial" or "continuous and systematic," even if those contacts are unrelated to the cause of action that plaintiff seeks to bring. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). When, as in this case, a plaintiff asserts specific personal jurisdiction over a defendant, constitutional due process requires that the defendant have

"minimum contacts necessary for the defendant to have 'reasonably anticipated being haled into court there.'" Pennzoil Prods. Co. v. Colelli & Assoc., Inc., 149 F.3d 197, 201 (3d Cir. 1998) (quoting Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). These minimum contacts must involve "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). The Supreme Court has noted that even a single act can support jurisdiction, so long as it creates a "substantial connection" with the forum as opposed to an "attenuated affiliation." Id. at 475, n.18. See Red Wing Shoe Company, Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1359 (Fed. Cir. 1998) (citing McGee v. International Life Ins. Co., 355 U.S. 220, 223, 2 L. Ed. 2d 223, 78 S. Ct. 199 (1957)).

If a plaintiff establishes minimum contacts, I may then consider whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Id. at 476 (quoting Int'l Shoe Co. v. Washington, 360 U.S. 310, 320 (1945)). This inquiry may serve to "establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required," but might likewise "render jurisdiction unreasonable" even though "minimum contacts are present." Id. at 476-477.

**DISCUSSION**

StayWell argues that the March 8th letter is sufficient under Pennsylvania's long arm statute to effect personal jurisdiction over Wang. I disagree.

The issue of whether letters to the forum state confer personal jurisdiction over the sender has arisen most often when patent or copyright holders demand that purported infringers "cease-

4

and-desist" their unauthorized use of protected property.  Almost every court that has considered the issue has held that "cease-and-desist" letters, standing alone, are insufficient to confer personal jurisdiction.  See, e.g., Red Wing Shoe Co., 148 F.3d at 1359 (three letters and licensing activities were insufficient for personal jurisdiction); Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme, 433 F.ed 1199, 1208 (9th Cir. 2006) ("A cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter").  See also Lawman Armor Corp. v. Simon, 319 F. Supp. 2d 499, 503 (E.D. Pa. 2004) (a cease and desist letter alleging patent infringement, without more, was insufficient to satisfy due process requirements).  The Ninth Circuit has set out the rationale underlying these decisions:

> There are strong policy reasons to encourage cease and desist letters . . . . If the price of sending a cease and desist letter is that the sender thereby subjects itself to jurisdiction in the forum of the alleged rights infringer, the rights holder will be strongly encouraged to file suit in its home forum without attempting first to resolve the dispute informally by means of a letter.

Yahoo!, 433 F.3d at 1208.  Similarly, the Federal Circuit observed that, "[p]rinciples of 'fair play and substantial justice' afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum."  Red Wing Shoe Co., 148 F.3d at 1360-61 (citing Burger King, 471 U.S. at 476).

StayWell offers only two contrary decisions – both from the Central District of California; both unreported.  Meade Instruments Corp. v. Reddwarf Starware LLC, 47 U.S.P.Q.2d 1157 (C.D. Cal. 1998); Dolco Packaging Corp. V. Creative Indus., Inc., 1 U.S.P.Q.2d 1586 (C.D. Cal. 1986).  The continued viability of these decisions is highly doubtful.  First, they well precede the Ninth Circuit's ruling in Yahoo!.  Moreover, neither opinion is especially persuasive; this is undoubtedly why other Courts in the Central District have declined to follow them.  See

5

Bandai America, Inc. v. Brown, 2001 U.S. Dist. LEXIS 24280 (C.D. Ca. June 1, 2001); Douglas Furniture Co. V. Wood Dimensions, 963 F. Supp. 899 (D. Cal. 1997).

In the instant case, the March 8th demand letter from Wang's lawyer is closely analogous to patent or copyright cease-and-desist letters.  See Thousand Trails, Inc. v. Foxwood Hill Property Owners Ass'n, Inc., 1999 U.S. Dist. LEXIS 1820 at *9-10 (N.D. Tex. March 22, 1999) (where defendant's sole contacts with forum were bills and letters threatening litigation, policy considerations were identical to those in cease-and-desist letter cases). Plaintiff nonetheless seeks to distinguish the facts presented here, arguing that personal jurisdiction over Wang is appropriate because his March 8th letter was "wrongful," "abusive," and "an illegitimate demand as distinguished from proper notice." *Trans. of Oral Arg. at 11*.  Plaintiff relies primarily on a Ninth Circuit decision in which a Georgia defendant – Augusta National, Inc. – sent a letter demanding that a California company – Bancroft & Masters, Inc. – cease and desist its infringement of ANI's trademarks.  Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d at 1082.  ANI sent a second letter to the Virginia headquarters of the then-exclusive registrar of Internet domain names.  Id. at 1084-85.  Under the registrar's dispute resolution policy, that letter – which challenged B & M's use of its domain name – forced B & M either to lose control of its website or to file a declaratory judgment action and so establish its right to use the challenged domain name.  Id.  B & M alleged that in sending this letter to the registrar, ANI had "deliberately triggered" the dispute resolution policy to interfere wrongfully with B & M's business.  Id. at 1087.

The Ninth Circuit held that to effect personal jurisdiction over a foreign defendant, "'something more'" than a "foreign act with foreseeable effects in the forum state" must be

present. Bancroft & Masters, 223 F. 3d at 1087 (applying the "effects test" of Calder v. Jones, 465 U.S. 783, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984)).  The Court explained that this "something more" requirement is satisfied "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." Id.  The Court reasoned that in sending the letter to the Virginia registrar, ANI had compelled B & M to initiate litigation.  Given ANI's "express aiming" at B & M's business activities in California, requiring ANI to defend itself in California Federal Court comported with "fair play and substantial justice." Id. at 1088.

StayWell contended at oral argument that Wang's actions meet the Ninth Circuit's "something more" requirement. *Trans. of Oral Arg. at 11*.  I disagree.  StayWell can point to no "wrongful" conduct other than Wang's sending the March 8th letter.  StayWell's complaint includes no allegation that Dr. Wang engaged in any tortious acts.  In his March 8th letter, Wang accuses StayWell of breaching the License Agreement, and "attempt[s] to resolve this matter without the need of initiating litigation."  I do not believe that this threat of legal action constitutes intentional and wrongful conduct beyond the mere sending of the letter itself.  Bandai America, Inc. v. Brown, 2001 U.S. Dist. LEXIS 24280 at *10-13 (C.D. Ca. June 1, 2001) (sending of cease and desist letters alone does not meet the Ninth Circuit's "something more" requirement).  Any other ruling would encourage license holders simply to file suit in their home states rather than attempt to resolve their disputes without litigation: a result exactly opposite of that intended by the Ninth Circuit.  Yahoo!, 433 F.3d at 1208.  In these circumstances, the March 8th letter does not confer personal jurisdiction over Dr. Wang.

Accordingly, I grant Defendant's Motion to Dismiss the Complaint for Lack of Personal

Jurisdiction. In light of that decision, I need not address Dr. Wang's request that I transfer venue to California.

      An appropriate Order follows.

                              */s Paul S. Diamond, J.*

                              _____

                              Paul S. Diamond, J.